HARRIS, J.
The police were called when, after running up a $33 bar and dinner bill, Berg was unable to pay. Berg was abusive, threatening, and resistant when the officers decided to arrest him for defrauding an innkeeper. Later, while Officer Lynch was holding Berg down for a medical check, Berg told him to let go of his legs and kicked the officer.
During deliberations, the jury asked if accidentally kicking the officer while resisting arrest would constitute doing violence to the officer. The court responded that the jury should determine that from the evidence it had heard and the court’s instructions. The jury returned a verdict of guilty to resisting with violence, resist *512 ing without violence and obtaining food with intent to defraud.
Berg argues that the court’s answer to the jury on its question was insufficient and that there was insufficient evidence of an intent to do violence. We find the court’s response to be within its discretion. Further, we find that Berg’s kicking the officer after telling him to let go of his foot was sufficient evidence of willful resistance to justify the jury’s verdict.
We reject Berg’s arguments relating to the Prison Releasee Reoffender Act.
AFFIRMED.
GRIFFIN and PLEUS, JJ., concur.